# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 24, 2022

Lyle W. Cayce
Clerk

No. 21-50993
Summary Calendar

Ｕｎｉｔｅｄ Ｓｔａｔｅｓ ｏｆ Ａｍｅｒｉｃａ,

*Plaintiff—Appellee*,

*versus*

Ｖｉｃｔｏｒ Ｔｉｔｏ Ｐｅｎａ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:98-CR-265-12

Before Ｊｏｌｌｙ, Ｏｌｄｈａｍ, and Ｗｉｌｓｏｎ, *Circuit Judges*.

Ｐｅｒ Ｃｕｒｉａｍ:*

Victor Tito Pena, federal prisoner # 91515-080, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We review the denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

* Pursuant to 5ᴛʜ Ｃｉｒｃｕｉｔ Ｒｕｌｅ 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Ｃｉｒｃｕｉｔ Ｒｕｌｅ 47.5.4.

No. 21-50993

Under § 3582(c)(1)(A)(i), a district court may modify a defendant's sentence after it considers the applicable 18 U.S.C. § 3553(a) factors if "extraordinary and compelling reasons warrant such a reduction." A district court errs if, in considering whether to grant a § 3582(c)(1)(A)(i) motion, it treats the U.S.S.G. § 1B1.13 policy statement as binding. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021).

Although Pena contends that the district court erroneously believed that it was bound by the policy statement in § 1B1.13, nothing in the record indicates that the district treated the policy statement as binding. At most, the district court's order indicates that the court's decision was informed by the policy statement, which does not amount to an abuse of discretion. *See United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022).

Additionally, Pena has not shown any abuse of discretion in the district court's reliance on Pena's prior participation in acts of murder and robbery, which were the overt acts alleged by the indictment to form the basis of his involvement in the racketeering and racketeering conspiracy charges for which he was ultimately convicted. *See Chambliss*, 948 F.3d at 693.

Pena fails to show that the district court's failure to grant his motion in light of the decision in *United States v. Booker*, 543 U.S. 220 (2005), was an abuse of discretion. *See Chambliss*, 948 F.3d at 693. Finally, Pena fails to brief, and therefore waives, his argument that he is entitled to relief based on a high risk of infection or death from the presence of COVID-19 in prison. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The order of the district court is AFFIRMED.